UNITED STATES, Appellee

v.

Perry A. EDWARDS, Machinist's
Mate Fireman Apprentice
U.S. Navy, Appellant.

No. 94–0310.
CMR No. 93 0252.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 14, 1995.

Decided Sept. 14, 1995.

For Appellant: *Commander Mary T. Hall,*
JAGC, USN (argued).

For Appellee: *Lieutenant Kevin L. Flynn,*
JAGC, USNR (argued); *Colonel T.G. Hess,*
USMC, *Lieutenant D.K. Herlihy,* JAGC,
USNR, *Commander S.A. Stallings,* JAGC,
USN (on brief); *Colonel J. Composto,*
USMC.

*Opinion of the Court*

WISS, Judge:

1. In *United States v. Pierce,* 27 MJ 367,
369 (1989), this Court held that, where an
accused had received nonjudicial punishment
under Article 15, Uniform Code of Military
Justice, 10 USC § 815, for the same offenses
for which he was sentenced at trial, "an
accused must be given *complete* credit for
any and all nonjudicial punishment suffered:
day-for-day, dollar-for-dollar, stripe-for-
stripe." This appeal presents the question
whether, upon specific request of the de-
fense, the military judge may apply that
credit in determining the adjudged sentence
or whether the convening authority must ap-
ply the credit against the adjudged sentence
in arriving at the approved sentence,[1] *see*
Art. 60(c)(2), UCMJ, 10 USC § 860(c)(2)
(1983).[2]

2. Now, we hold that, under circum-
stances like the present case, the military
judge properly may apply the credit in deter-
mining the sentence to adjudge and that,
where the judge does so, the convening au-
thority has no further duty in this regard.

I

3. Appellant pleaded guilty at a special
court-martial to allegations of absence with-

1. We note that the court below ordered the
SCMO No. 1–93 dated Feb 02, 1993, to be cor-
rected to include the sentence adjudged. Its
opinion is dated Nov. 19, 1993. As of the date of
this opinion, no corrected order is available to
us. We expect that a copy of corrected CMOs

will be provided to this Court when they are
received in the Office of the Judge Advocate
General.

2. *See* 41 MJ 340 n. 1 (1995), as to the other
granted issue (39 MJ 421).

out leave (3 days), disrespect toward a superior commissioned officer (3 specifications), assault on a superior commissioned officer, use of cocaine, and communication of a threat, in violation of Articles 86, 89, 90, 112a, and 134, UCMJ, 10 USC §§ 886, 889, 890, 912a, and 934, respectively. During the sentencing proceeding, defense counsel offered into evidence a Court Memorandum that reflected that appellant had suffered nonjudicial punishment under Article 15 for the same three instances of disrespect and for the same assault and threat of which appellant had just been convicted at this court-martial.

4. In response to the exhibit, the military judge inquired whether he understood "correctly that the defense wishes me to consider this prior punishment and to award any credit to which the accused may be entitled under the case of *United States versus Pierce* [¶ 1]," and defense counsel answered affirmatively. Trial counsel suggested "that the court first look at these offenses for what they are and award an appropriate sentence based alone on that sentence and then, after that appropriate sentence is arrived at, then to apply the credits per *United States versus Pierce.*" Defense counsel voiced no objection to this approach.

5. In due course, the military judge announced his sentence and offered an explanation as to how he had computed it:

MJ: Machinist's Mate Fireman Apprentice Perry A. Edwards, United States Navy, it is my duty as military judge to inform you that this court sentences you:

To be confined for 97 days;

To forfeit $117.00 pay per month for a period of 5 months;

To be reduced to pay grade E–1; and

To be discharged from the naval service with a bad conduct discharge.

MJ: You may be seated.

(Accused and counsel did as directed.)

MJ: At the request of the defense, in awarding sentence in this case I have applied *Pierce* credit for the prior nonjudicial punishment as follows:

I determined that an appropriate sentence in this case would be confinement for a period of 5 months, forfeiture of $500.00 pay per month for a period of 5 months, reduction to the pay grade E–1, and discharge from the naval service with a bad conduct discharge. I awarded the accused 23 days credit against the sentence to confinement for the 45 days restriction. I awarded the accused 30 days confinement to the sentence—that is credited to the sentence to confinement for the 45 days extra duty. I awarded the accused a credit of $914.00 against the sentence to forfeiture of pay—excuse me, $914.00 against the sentence to forfeiture of pay which I prorated over the 5 month period. As I determined that the accused ought to be awarded a reduction to pay grade E–1, whether he was an E–2 appearing before the court or an E–3, I nonetheless adjudged a reduction to E–1, but determined that an additional $200.00 pay per month credit should be assessed against the sentence to forfeiture of pay to give the accused credit for the reduction in rate suffered at Mast. And it was on this basis that I reached the sentence announced.

Do [sic] either counsel have any question concerning the sentence awarded by the court?

TC: Therefore, Your Honor, the question being the convening authority has no further action to take in light of *U.S. v. Pierce.* You yourself have done it for the convening authority in effect.

MJ: That's correct.

TC: Thank you.

MJ: In effect.

DC: No questions, sir.

II

6. Our holding in *Pierce* concerning sentence credit for prior nonjudicial punishment grew out of an appeal in which this Court was asked to consider whether, consistent with military due process and the prohibition of Article 13, UCMJ, 10 USC § 813, against pretrial punishment, an accused lawfully could be court-martialed for the same offense for which he already had received nonjudicial punishment. 27 MJ at 368. Concluding that

there was no bar to such a prosecution, Judge Cox, writing for a majority of the Court, continued:

It does not follow that a service-member can be twice *punished* for the same offense or that the *fact* of a prior nonjudicial punishment can be exploited by the prosecution at a court-martial for the same conduct. Either consequence would violate the most obvious, fundamental notions of due process of law. Thus, in these rare cases, an accused must be given *complete* credit for any and all nonjudicial punishment suffered: day-for-day, dollar-for-dollar, stripe-for-stripe. Furthermore, the nonjudicial punishment may not be used for *any* purpose at trial, such as impeachment (even of an accused who asserts he had no prior misconduct); to show that an accused has a bad service record; or any other evidentiary purpose, *e.g.,* Mil.R.Evid. 404(b), Manual, *supra.* Under these circumstances, the nonjudicial punishment simply has no legal relevance to the court-martial.

27 MJ at 369 (footnote omitted).

7. Left was the question of who should apply the credit. The Court noted that "Article 15(f) leaves it to the discretion of the *accused* whether the prior punishment will be revealed to the court-martial for consideration on sentencing." *Id.* Thus, with the prosecution legally tongue-tied and with the accused free to speak or be silent at will, the Court reasoned that "the duty to apply this credit cannot always be conferred on the court-martial.... Presumably, the best place to repose the responsibility to ensure that credit is given is the convening authority." *Id.*

3. *See* 41 MJ 213, 229 n. * (1994).

8. Nothing in *Pierce,* however, *precluded* a court-martial from applying the requisite credit—and, indeed, Article 15(f) arguably might seem to require such action, as a matter of law, if an accused elects to raise the issue:

[B]ut the fact that a disciplinary punishment has been enforced may be shown by the accused upon trial, and when so shown *shall be considered in determining the measure of punishment to be adjudged* in the event of a finding of guilty.

(Emphasis added.) By placing the ultimate responsibility on the convening authority "to ensure that credit is given," all that the Court did was to provide that, in cases in which an accused elects not to raise the matter at trial, credit will be forthcoming from the convening authority.

9. Here, the defense explicitly asked the military judge to apply the *Pierce* credit when determining the adjudged sentence; and the military judge not only did so, but laudably he explained his computations on the record. Appellant does not challenge the adequacy of the computed credit; and the case, of course, does not present any instructional issue that might arise where members were the sentencing authority. That said, we are satisfied that the military judge fully vindicated appellant's sentencing interests.

### III

The decision of the United States Navy–Marine Corps Court of Military Review [3] is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.