Judge EFFRON
delivered the opinion of the Court.
A special court-martial composed of a military judge sitting alone convicted appellant, pursuant to his pleas, of failure to go to his appointed place of duty, disrespect to a superior commissioned officer (four specifications), failure to obey a noncommissioned *388 officer, and disrespect to a superior noncommissioned officer (two specifications), in violation of Articles 86, 89, and 91, Uniform Code of Military Justice (UCMJ), 10 USC §§ 886, 889, and 891, respectively. Contrary to his pleas, appellant was convicted of making a false official statement and larceny of military property of a value of more than $100, in violation of Articles 107 and 121, UCMJ, 10 USC §§ 907 and 921, respectively.
Appellant was sentenced to a bad-conduct discharge, six months’ confinement, forfeiture of $630.00 pay per month for six months, and reduction to the lowest enlisted grade. The convening authority approved the sentence, and the Army Court of Criminal Appeals affirmed in an unpublished decision.
On appellant’s petition, we granted review of the following issue:
WHETHER FINDING APPELLANT GUILTY OF DISRESPECT TO A COMMISSIONED OFFICER FOR THE SAME CONDUCT FOR WHICH HE HAD RECEIVED AN ARTICLE 15 FOR DISOBEYING THAT OFFICER ENTITLES HIM TO SENTENCE CREDIT UNDER UNITED STATES V. PIERCE, 27 MJ 367 (CMA 1989).
For the reasons discussed below, we hold that appellant was not entitled to sentence credit for his prior nonjudicial punishment (NJP) under the circumstances of this case.
I. Credit for Nonjudicial Punishment
The Uniform Code of Military Justice authorizes commanding officers to impose designated “disciplinary punishments for minor offenses without the intervention of a court-martial....” Art. 15(b), UCMJ, 10 USC § 815(b). If a servicemember has received such NJP for a minor offense, and the offense is later referred for trial by court-martial, the accused may move to dismiss the charge on the grounds of former punishment for a minor offense. RCM 907(b)(2)(D)(iv), Manual for Courts-Martial, United States (2000 ed.).*
If NJP has been imposed for a serious crime or offense, Article 15(f) provides that such punishment is not a bar to trial by court-martial. The protections for military personnel against double jeopardy under the Fifth Amendment of the Constitution of the United States and Article 44, UCMJ, 10 USC § 844, apply only to judicial punishments, not to nonjudicial punishments under Article 15. See United States v. Fretwell, 11 USCMA 377, 29 CMR 193 (1960).
Although an accused may be tried for a serious offense after a prior NJP for the same offense, the UCMJ provides protection against double punishment. As we noted in United States v. Gammons, 51 MJ 169, 180 (1999), “[t]he purpose of Article 15(f) is to prevent the accused from being punished twice for the same offense as a matter of statutory law even though such successive punishment is otherwise permissible as a matter of constitutional law.” In United States v. Pierce, 27 MJ 367 (CMA 1989), we provided a mechanism for appropriately crediting prior NJP. An accused who is convicted at court-martial for the same offense for which NJP previously was imposed may request credit “for any and all nonjudicial punishment suffered: day-for-day, dollar-for-dollar, stripe-for stripe.” Id. at 369.
The credit is not automatic. As we emphasized in Gammons, the accused is “the gatekeeper on the question as to whether an NJP for a serious offense will be brought to the attention of the sentencing authority.” 51 MJ at 180. We observed that
[t]he accused, as gatekeeper, may choose whether to introduce the record of a prior NJP for the same act or omission covered by a court-martial finding and may also choose the forum for making such a presentation. The accused may: (1) introduce the record of the prior NJP for consideration by the court-martial during sentencing; (2) introduce the record of the prior NJP during an Article 39(a), UCMJ, 10 USC § 839(a), session for purposes of adjudicating credit to be applied against the adjudged sentence; (3) defer introduction of the record of the prior NJP during trial and present it to the convening authority prior to action on the sentence; or (4) *389 choose not to bring the record of the prior NJP to the attention of any sentencing authority. In that regard, we note than an accused may have sound reasons for not presenting the record of the prior NJP to any sentencing authority. Absent a collateral issue, such as ineffective assistance of counsel, failure to raise the issue of mitigation based upon the record of a previous NJP for the same offense prior to action by the convening authority waives an allegation that the court-martial or convening authority erred by failing to consider the record of the prior NJP.
Id. at 183.
II. Background
Appellant’s platoon leader ordered him to stand at the position of “parade rest” in the course of counseling appellant for assaulting a fellow soldier. Appellant responded by clenching his fists and turning his head away from the platoon leader. The platoon leader then issued a second command, ordering appellant “to go to the position of attention.” Appellant responded by disobeying the order to stand at the position of attention. Following these events, .appellant’s company commander imposed NJP upon appellant for the offense of willful disobedience of the order to stand at attention.
Subsequently, charges against appellant were referred to trial for a variety of offenses, including offenses emanating from the confrontation with his platoon leader. Appellant was convicted of a number of offenses, including the conviction at issue in the present appeal — behaving with disrespect toward his platoon leader “by clenching his fists and turning his head away from” his platoon leader.
During sentencing proceedings, trial counsel introduced the record of the earlier NJP for disobeying the platoon leader’s order to stand at attention as evidence in aggravation, and referred to it in his closing argument. Defense counsel did not refer to the NJP, and made no motion for Pierce credit or for consideration of the prior punishment as a matter in mitigation. There is no indication in the record that appellant raised the matter with the convening authority after trial.
III. Discussion
Appellant asserts that he is entitled to Pierce credit, contending that his actions — clenching his fists and looking away from his platoon leader — were the basis of both the disobedience offense punished under Article 15 and the disrespect offense punished at court-martial. The record indicates that these were separate actions. The providence inquiry and the associated stipulation of fact indicate that the disrespect offense at issue in the court-martial occurred in response to the platoon leader’s order for appellant to stand at parade rest. The NJP record, however, indicates that earlier NJP was imposed for violation of a different order — the order to stand at attention. There is no indication in the record that appellant ever was punished — by NJP or by court-martial — for disobeying the order to stand at parade rest. See United States v. Virgilito, 22 USCMA 394, 47 CMR 331 (1973)(disobedi-ence and disrespect stand as greater and lesser only where the disobedience constitutes the disrespect).
Neither the Constitution nor the UCMJ precludes a person from being convicted for multiple offenses growing out of the same transaction, so long as the offenses are not multiplicious. See ROM 907(b)(3)(B). Likewise, although Pierce precludes double punishment for the same offense, it does not preclude multiple punishments for multiple offenses growing out of the same transaction when the offenses are not multiplicious. If appellant wanted to introduce facts and obtain a ruling that the NJP and the court-martial conviction were for the same offense, the time to do so was at trial, not on appeal. See Gammons, supra at 183.
TV. Conclusion
The decision of the United States Army Court of Criminal Appeals is affirmed.

 All Manual provisions are identical to the ones in effect at the time of appellant's court-martial.