Judge EFFRON
delivered the opinion of the Court.
Appellant was charged with rape, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2000). At a general court-martial composed of a military judge sitting alone, Appellant was convicted, pursuant to his pleas, of the lesser included offense of indecent assault, in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2000). The adjudged sentence included a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the sentence. Pursuant to a pretrial agreement, the convening authority suspended all confinement in excess of fifteen months for a period of fifteen months from the date the sentence was adjudged. The United States Navy-Marine Corps Court of Criminal Appeals affirmed in an unpublished opinion. United States v. McKeel, No. NMCCA 200202328, 2005 CCA LEXIS 16, 2005 WL 165397 (N.M.Ct.Crim.App. Jan. 26, 2005).
On Appellant’s petition, we granted review of the following issue:
WHETHER THE MILITARY JUDGE ERRED IN NOT DISMISSING THE CHARGE AND SPECIFICATION BECAUSE THE APPELLANT RELIED TO HIS DETRIMENT ON A PRETRIAL AGREEMENT.
For the reasons discussed below, we affirm.
I. BACKGROUND
Appellant contends that he entered into a pretrial agreement with a special court-martial convening authority (SPCMCA) before entering into the pretrial agreement with the general court-martial convening authority (GCMCA) in the present case. Prior to entering his pleas, Appellant moved to dismiss the charges on the grounds that his earlier agreement with the SPCMCA included a grant of immunity. According to Appellant, the SPCMCA agreed that there would be no court-martial if Appellant: (1) agreed to accept nonjudicial punishment under Article 15, UCMJ, 10 U.S.C. § 815 (2000), for the charged misconduct, and (2) agreed to waive his right to contest his separation from the military at an administrative discharge board. The motion was denied. The present appeal concerns the authority to grant immunity and related considerations concerning the administration of nonjudicial punishment.
A. THE AUTHORITY TO GRANT IMMUNITY
Military law recognizes two types of immunity that may be granted to a military accused. Transactional immunity exempts an accused “from trial by court-martial for one or more offenses under the code.” Rule for Courts-Martial (R.C.M.) 704(a)(1). Testimonial immunity protects an accused against “the use of testimony, statements, and any information directly or indirectly derived from such testimony or statements by that person in a later court-martial.” R.C.M. 704(a)(2). Testimonial immunity—in contrast to transactional immunity—does not bar prosecution of the person who has received the grant of immunity. See R.C.M. 704(a) Discussion.
The President, in the Manual for Courts-Martial, has restricted the authority to grant immunity. Within the armed forces, only an officer authorized to serve as a GCMCA may *83 grant immunity. R.C.M. 704(c). The President has not constrained the GCMCA from using a subordinate to convey an offer of immunity to the designated person when the GCMCA has approved a specific grant of immunity. The GCMCA, however, may not delegate the authority to grant immunity. R.C.M. 704(e)(3).
A purported grant of immunity by an official not empowered by the President to make such a grant is not valid. At trial, the military judge may provide relief tailored to the circumstances if: (1) a promise of immunity was made; (2) the accused reasonably believed that a person with apparent authority to do so made the promise; and (3) the accused relied upon the promise to his or her detriment. See, e.g., Shepardson v. Roberts, 14 M.J. 354, 358 (C.M.A.1983); United States v. Caliendo, 13 C.M.A. 405, 409, 32 C.M.R. 405, 409 (1962); United States v. Thompson, 11 C.M.A. 252, 255, 29 C.M.R. 68, 711 (1960); see R.C.M. 704(c) Discussion; Manual for Courts-Martial, United States, Analysis of the Rules for Courts-Martial app. 21 at A21-38 (2005 ed.).
When the promise of immunity has been made by an officer having apparent but not actual authority, the remedy addresses the extent of detrimental reliance. See Caliendo, 13 C.M.A. at 409, 32 C.M.R. at 409; Thompson, 11 C.M.A. at 255, 29 C.M.R. at 71. Normally, detrimental reliance upon apparent authority can be remedied by measures short of a bar to prosecution, such as exclusion of evidence obtained directly or indirectly from the servicemember’s reliance or precluding nonevidentiary uses of immunized statements in the decision whether to prosecute. See, United States v. Jones, 52 M.J. 60, 65 (C.A.A.F.1999); United States v. Olivero, 39 M.J. 246, 249 (C.A.A.F.1994). If the military judge has provided an adequate remedy at trial, no further relief is warranted on appeal. See Shepardson, 14 M.J. at 358. In unique circumstances, our Court has concluded that the only appropriate remedy is to dismiss the charges. See, e.g., United States v. Kimble, 33 M.J. 284, 289-92 (C.M.A.1991); Cooke v. Orser, 12 M.J. 335, 342-43 (C.M.A.1982).
B. NONJUDICIAL PUNISHMENT
The UCMJ also preserves the authority of a senior commander to ensure accountability for misconduct by limiting the effect of nonjudicial punishment imposed by subordinates under Article 15, UCMJ. See United States v. Joseph, 11 M.J. 333, 334-35 (C.M.A.1981). If a subordinate commander imposes nonjudicial punishment for an offense that is not “minor,” see Article 15(b), UCMJ, the senior commander is not precluded from referring the matter for trial by court-martial. See Article 15(f), UCMJ; R.C.M. 907(b)(2)(D)(iv); United States v. Fretwell, 11 C.M.A. 377, 379, 29 C.M.R. 193, 195 (1960). When an accused receives a court-martial sentence for the same conduct that was punished at an Article 15 proceeding, the accused has the opportunity to request a sentence credit under United States v. Pierce, 27 M.J. 367 (C.M.A.1989). See United States v. Bracey, 56 M.J. 387, 388-89 (C.A.A.F.2002); United States v. Gammons, 51 M.J. 169, 180 (C.A.A.F.1999).
II. DISPOSITION OF THE CHARGES AGAINST APPELLANT
A. NONJUDICIAL PUNISHMENT
During an interview with an agent of the Air Force Office of Special Investigations (OSI), Appellant admitted to engaging in sexual activity, including sexual intercourse, with an intoxicated female shipmate. Appellant also admitted that he did not believe that the shipmate was able to consent. The OSI agent recorded Appellant’s admissions in contemporaneous, handwritten notes and in a subsequent summary of the interview.
The OSI investigation was forwarded to the SPCMCA in Appellant’s chain of command. The chief petty officer (CPO) who served as the ship’s senior enlisted person responsible for military justice matters, conveyed the following offer to Appellant and his parents: If Appellant accepted nonjudicial punishment under Article 15 for this misconduct, and if he waived his right to an administrative discharge board, there would be no *84 court-martial and Appellant would be discharged administratively from the military.
Appellant accepted the offer. The SPCMCA held a proceeding pursuant to Article 15, UCMJ, at which Appellant pleaded guilty to various charges, including rape. The nonjudicial punishment ordered by the SPCMCA included forty-five days of restriction, forty-five days of extra duty, forfeiture of one-half pay per month for two months, and reduction in grade from E-3 to E-2.
B. REFERRAL TO TRIAL BY GENERAL COURT-MARTIAL
Subsequently, Appellant was processed for administrative discharge. Consistent with the agreement, the SPCMCA forwarded Appellant’s administrative discharge packet to the GCMCA, who also served as the administrative discharge authority. The GCMCA, who had no previous knowledge of the charges against Appellant, declined to approve the discharge, and ordered an investigation into the charges under Article 32, UCMJ, 10 U.S.C. § 832 (2000). After the investigation was completed, the GCMCA referred a charge of rape—for which Appellant had received nonjudicial punishment—to trial by general court-martial.
III. DISCUSSION
Appellant contends that he received a grant of immunity on the rape charge as part of his agreement with the SPCMCA. He further contends that the GCMCA erred in referring that charge to a general court-martial, and that the military judge erred in denying his motion at trial to dismiss the charge.
As noted in Section I.A., supra, when a servicemember seeks dismissal of charges based upon a promise of immunity, the servicemember must demonstrate that the promise was made by an officer authorized to grant immunity. Appellant recognized at trial, and has acknowledged on appeal, that the claimed grant of immunity was not issued by a general court-martial convening authority.
For purposes of this appeal, we shall assume, without deciding, that the CPO made the offer with the approval of a court-martial convening authority, the SPCMCA, and that Appellant reasonably relied upon an offer made with apparent authority. Because the claimed grant of immunity in the present case is based on apparent rather than actual authority, Appellant must demonstrate detrimental reliance and that remedial steps were inadequate. See supra Section I.A.
We note that the military judge ruled that statements made by Appellant at the nonju-dieial punishment proceeding could not be admitted into evidence against him at the court-martial. The prosecution also agreed at trial that Appellant’s decision to waive an administrative discharge board, and matters related to his administrative separation, could not be used against him at trial. In addition, the prosecution agreed that Appellant would be entitled to full sentencing credit under Pierce for the punishment received at the nonjudicial punishment proceeding.
Well before Appellant entered into discussions with the CPO, he was interviewed by an agent of the OSI in which he set forth the details of his misconduct. Appellant’s admissions, recounted in the OSI report, provided ample grounds for the GCMCA to reject the proposed administrative discharge and order a pretrial investigation under Article 32, UCMJ. Trial counsel asserted that the Government learned nothing from Appellant’s statements during the nonjudicial punishment proceeding that it did not already know from his admissions to the OSI agent, and an affidavit of the CPO who made the offer to Appellant supports this assertion. Appellant has not identified any statement made during the nonjudieial punishment proceedings or in the administrative discharge packet that added any matter of significance to the information that would have been presented to the GCMCA in the course of making the disposition decision, absent the promise communicated to Appellant by the CPO. Under these circumstances, we conclude that the Government has shown that the decision to prosecute was untainted by the Article 15 proceed *85 ing and the administrative discharge packet. See Olivero, 39 M. J. at 249.
In summary, the record reflects that appropriate remedial actions were taken at trial, and that Appellant has not demonstrated detrimental reliance. Appellant has not identified any unique circumstances that would warrant dismissal of the charges.
IV. DECISION
The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.