**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**
**Washington, D.C.**

**UNITED STATES**

**v.**

**William L. GORMLEY,**
**Seaman Recruit (E-1), U.S. Coast Guard**

**CGCMS 24296**

**Docket No.  1230**

**31 January 2007**

Special Court-Martial convened by Commanding Officer, Integrated Support Command Alameda.  Tried at Alameda, California, on 27 September 2004.

| | |
|---|---|
| Military Judge: | CDR Brian M. Judge, USCG |
| Trial Counsel: | LT Cassie A. Cioci, USCGR |
| Defense Counsel: | LT Tyquili R. Booker, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT D. Sean Baer, USCGR |

**BEFORE**
**PANEL NINE**
**McCLELLAND, BAUM, & TUCHER**
Appellate Military Judges

TUCHER, Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses:  two specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice (UCMJ); and two specifications of wrongfully using marijuana, two specifications of wrongfully introducing marijuana onto an installation used by the armed forces or under the control of the armed forces, two specifications of wrongfully using methamphetamine, and one specification of wrongfully introducing methamphetamine onto an installation used by the armed forces or under the control of the armed forces, all in violation of Article 112a, UCMJ.  The military judge sentenced Appellant to a bad-conduct discharge, confinement for ninety days, and forfeiture of $795 per month for three months.  The Convening

Authority approved the sentence as adjudged and credited seventy-three days of confinement in accordance with *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). The pretrial agreement had no effect on the sentence.

Before this Court, Appellant has assigned one error that the military judge failed to award credit for a prior non-judicial punishment in accordance with *United States v. Pierce*, 27 M.J. 367 (C.M.A. 1989).

We agree with Appellant that the military judge committed prejudicial error when he failed to state how much credit he gave for prior non-judicial punishment, and order sentence credit as described below.

## Background

On 23 June 2004, Appellant was taken to Commanding Officer's non-judicial punishment (NJP) under Article 15, UCMJ, for eight offenses, including an offense for wrongful possession of .33 grams of marijuana residue at BEQ 102, Building 24, Integrated Support Command (ISC) Alameda on or about 21 April 2004. He received forty-five days of restriction, forty-five days of extra duty, reduction to E-1, and forfeiture of one-half pay per month for two months. The forfeiture of pay was suspended for six months, but was later vacated on 2 July 2004 after Appellant committed additional misconduct. On 16 July 2004, Appellant was placed in pretrial confinement due to subsequent misconduct, where he remained until his special court-martial for various offenses on 27 September 2004.

At his court-martial, Appellant pleaded guilty to and was found guilty of, *inter alia*, Charge III, Specification 3, alleging wrongful introduction of .33 grams of marijuana onto ISC Alameda on or about 21 April 2004, in violation of Article 112a, UCMJ. During pre-sentencing proceedings, trial counsel introduced Prosecution Exhibit 2, a record of the prior NJP proceedings conducted on 23 June 2004, which included the offense of wrongful possession of drug paraphernalia and "approximately .33 grams of marijuana residue" at BEQ Room 102, Building 24, ISC Alameda, on or about 21 April 2004. Defense counsel did not object to the admission of this exhibit at trial. (R. at 104.) During her sentencing argument, trial counsel

made a brief reference to the prior NJP, reminding the military judge that "just 6 days after going to captain's mast, while on restriction, Seaman Recruit Gormley went UA for 5 days." (R. at 105-06.) Trial counsel's argument did not elicit any objection from the defense. During the defense sentencing argument, defense counsel did not make any specific request for sentence credit but requested that the military judge "consider also the Article 15 punishment that [Appellant] has already served . . . . It's arising out of precisely the same offense for which he's charged today." (R. at 111.)

Following deliberations and prior to announcing sentence, the military judge stated, "[I]n determining the appropriate sentence in this case, I did consider the fact that NJP had been imposed on Seaman Recruit Gormley on June 23rd of this year for offenses that are included in the offenses he has pled guilty to here." (R. at 113.) However, the military judge made no mention of specific credits to be applied to the sentence on account of the prior NJP. Similarly, the Convening Authority's action is silent with respect to any specific credits to be awarded. Appellant now argues that the military judge erred by failing to award credit for prior non-judicial punishment that was the subject of the same offense at trial.

## Discussion

*United States v. Pierce*, 27 M.J. 367, 368 (C.M.A. 1989), affirms the principle that the imposition of non-judicial punishment for a serious offense does not preclude a subsequent court-martial of a servicemember for the same serious offense. S*ee also* Article 15(f), UCMJ ("the fact that a disciplinary punishment has been enforced may be shown by the accused upon trial, and when so shown shall be considered in determining the measure of punishment to be adjudged in the event of a finding of guilty"). This principle notwithstanding, *Pierce* also instructs that "[i]t does not follow that a servicemember can be twice punished for the same offense or that the fact of a prior non-judicial punishment can be exploited by the prosecution at a court-martial for the same conduct . . . ." *Pierce*, 27 M.J. at 369. Accordingly, where an accused is taken to court-martial for an offense that was subject to an earlier non-judicial punishment, the accused must be given complete credit for all punishment imposed and served, "day-for-day, dollar-for-dollar, stripe-for-stripe." *Id*.

More recently, the decision in *United States v. Gammons*, 51 M.J. 169, 179 (C.A.A.F. 1999), clarified that the accused is the "gatekeeper with respect to consideration of an NJP record during a court-martial involving the same act or omission." The Government is generally prohibited from commenting on or introducing evidence of prior non-judicial punishment for an offense pending at court-martial, unless and until the defense, acting as gatekeeper, chooses to bring the punishment to the attention of the court-martial. *Id*. at 179-80. *Gammons* also instructs that in a judge-alone proceeding, the "military judge will state on the record the specific credit awarded for the prior punishment." *Id*. at 184.

We first consider whether the prior non-judicial punishment involved the same act or omission that was prosecuted as an offense before the court-martial. The military judge found that Appellant's conviction of Article 112a, UCMJ, regarding the wrongful introduction of .33 grams of marijuana onto ISC Alameda on or about 21 April 2004, was based on the same conduct for which he had previously received non-judicial punishment for wrongful possession of marijuana. (R. at 113.) Both offenses alleged the same amount of marijuana, the same date, and the same military installation. In the absence of any contrary evidence, we find no reason to disagree with the military judge's ruling.

We next consider whether Appellant's failure to object to the Government's preemptive use of the prior mast punishment waived the issue of *Pierce* credit on appeal. In the absence of plain error, an accused's failure to object waives any allegation of error resulting from the Government's preemptive use of the record of prior NJP, but such failure does not foreclose the accused's entitlement to credit for NJP actually imposed and served. *See e.g., United States v. Edwards*, 54 M.J. 761, 762 (N.M.Ct.Crim.App. 2000). The *dicta* in *United States v. Gammons* states that the timing of the decision to request credit for prior NJP remains with the accused – whether that request is raised at trial, before the convening authority, or before the Court of Criminal Appeals. *Gammons,* 51 M.J. at 184; *see also United States v. Globke*, 59 M.J. 878, 882 (N.M.Ct.Crim.App. 2004). The Government cannot force an accused at trial to concede to an ill-timed disclosure of prior non-judicial punishment or risk forfeiting his right to request sentence credit at the time of the defense's choosing. We find that the accused has not waived his right to vindicate his sentencing interests and request *Pierce* credit on appeal.

Finally, we consider whether the military judge erred when he failed to state the specific credits to be awarded for prior non-judicial punishment. Prior to announcing sentence, the military judge stated, "[I]n determining the appropriate sentence in this case, I did consider the fact that NJP had been imposed on Seaman Recruit Gormley on June 23rd of this year for offenses that are included in the offenses he has pled guilty to here." (R. at 113.) The military judge invited both counsel to ask any questions they may have had concerning his decision. Both counsel indicated that they had none. (R. at 113-14.) We note that the pretrial agreement is silent with respect to any specific credits to be applied to the sentence for prior non-judicial punishment, and that the Staff Judge Advocate's Recommendation to the Convening Authority under R.C.M. 1106 also makes no mention of the prior NJP, or the fact that the prior NJP involved an offense for which the accused had been found guilty at trial. Furthermore, the record of trial includes an email from defense counsel dated 3 February 2005, indicating that no clemency materials were to be submitted on behalf of Appellant. Based on our review of the record, we are satisfied that at no time during or after trial was Appellant given specific credit for the prior non-judicial punishment on 23 June 2004.

We do not agree with the Government's contention that it is sufficient that the military judge stated on the record that he would consider the results of the prior NJP in arriving at an appropriate sentence. We find the military judge's explanation that he "considered" the earlier punishment was error, in that he failed to state specific, quantifiable credits to be awarded as *Pierce* clearly requires. *Pierce*, 27 M.J. at 369. In this regard, we echo the cautionary language of the Navy-Marine Corps Court of Criminal Appeals and "strongly discourage use of language by military judges that they will 'take into account' or 'consider' the prior punishment in reaching a sentence. Such language spawns issues on appeal and leaves us unsure of what has been done." *United States v. Fuson*, 54 M.J. 523, 526 (N.M.Ct.Crim.App. 2000).

The Government also argues that even if the military judge erred in failing to state specific credits to be applied, Appellant did not suffer any material prejudice because the possession offense was joined with eight other offenses at the earlier NJP proceeding. While we are sensitive to the Government's argument that Appellant should not receive an unjustified windfall in sentencing credit, the Government is well positioned to give early and complete

consideration to the potential consequences of charging offenses that have been the subject of prior non-judicial punishment. In this case, the Government might have avoided the dilemma of "windfall" credit simply by making the tactical decision not to charge the same offense at court-martial. Having made its decision, Appellant is now entitled to complete credit to ensure that his sentencing interests are fully protected.

Given the somewhat lenient sentence imposed at court-martial and the fact that the military judge's explanation that he "considered" the prior NJP substantially mirrored the language of defense counsel's request, we are satisfied that the military judge did not rely on the prior punishment as an aggravating factor to improperly increase Appellant's sentence. However, we cannot tell from the military judge's words whether he actually applied "day-for-day, dollar-for-dollar, stripe-for-stripe" credit against the sentence, or whether he considered the prior punishment as only a general mitigating factor. Rather than speculate as to the military judge's intent, we will resolve the doubt in Appellant's favor and order credit to ensure that he is not punished twice for the same offense.

The parties agree that Appellant served a total of sixteen days of restriction and sixteen days of extra duties as a result of the NJP that was imposed on 23 June 2004, considering a five-day period of unauthorized absence and the pretrial confinement that commenced on 14 July 2004. Invoking *United States v. Minyen*, 57 M.J. 804, 805 (C.G.Ct.Crim.App. 2002), and R.C.M. 1003(b)(5), Appellant requests a total of sixteen days confinement credit, to include eight days credit representing one-half of the time he spent on restriction, and eight days credit representing one-half of the time he spent performing extra duties. In addition, Appellant requests forfeiture credit in the amount of $1193.40, which represents one-half of one month's pay for two months at the paygrade of E-1.

Without conceding that any confinement credit is warranted, the Government stresses that any credits should reflect that only two days were served in post-trial confinement, presumably as a result of "good time" credits that were applied against the adjudged ninety days of confinement. In addition, the Government argues that Appellant was not twice punished with respect to forfeitures of pay because he was released from confinement prior to the effective date

of forfeitures of pay under Article 57, UCMJ, 10 U.S.C. § 857, and because he sold back his remaining leave balance prior to being placed on appellate leave, leaving no pay to collect forfeitures against.

We believe that the Government incorrectly focuses on the collateral administrative consequences that flow from a court-martial sentence, rather than on the approved sentence itself. Just as the military judge was prohibited from considering future "variables not susceptible of proof" in determining an appropriate sentence, we decline to consider these variables in determining the appropriate credit to apply against the sentence. *United States v. McNutt*, 62 M.J. 16, 19 (C.A.A.F. 2005) (*quoting United States v. Mamaluy*, 27 C.M.R. 176, 181, 10 USCMA 102, 107 (C.M.A. 1959)). In order to make Appellant whole, recognizing that he has already completed his term of confinement, we will take the below action to disapprove sixteen days of adjudged confinement, and to disapprove forfeitures totaling $1193.40.

## Decision

In light of the foregoing, and after review of the record in accordance with Article 66, UCMJ, the findings are determined to be correct in law and fact and, on the basis of the entire record, are affirmed. We approve only so much of the sentence as provides for a bad-conduct discharge, confinement for seventy-four days, and forfeiture of $397.20 per month for three months. Accordingly, the sentence of a bad-conduct discharge, confinement for seventy-four days, and forfeiture of $397.20 per month for three months is affirmed.



For the Court,

Jane R. Lim

Clerk of the Court