UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 TRAVOCKEOUS D. PORTER
 United States Army, Appellant

 ARMY 20090974

 U.S. Army Maneuver Support Center of Excellence and Fort Leonard Wood
 Charles D. Hayes Jr., Military Judge
 Colonel Steven E. Walburn, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew J.
Miller, JA; Lieutenant Colonel Jonathan F. Potter; JA; Captain Jennifer A.
Parker, JA (on brief).

For Appellee: Lieutenant Colonel Jan E. Aldykiewicz, JA; Major Christopher
L. Burgess, JA; Captain John D. Riesenberg, JA (on brief).

 20 October 2010

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------

Per Curiam:

 Pursuant to his pleas, appellant was convicted of six specifications
of failure to go to his appointed place of duty, two specifications of
disobeying a lawful order, and one specification each of distribution of
marijuana, cocaine, and methylenedioxymethamphetamine, in violations of
Articles 86, 92 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§
886, 892 and 912a [hereinafter UCMJ]. The military judge, sitting as a
general court-martial, sentenced appellant to total forfeitures and
confinement for twelve months.

 Motion for Pierce Sentence Credit for Prior Article 15 Punishment

 At trial, appellant made a motion pursuant to United States v. Pierce,
27 M.J. 367, 369 (C.M.A. 1989) for confinement credit because prior to
trial he received a field grade Article 15 for the sole offense of use of
marijuana. This so-called Pierce credit is based on Article 15(f), UCMJ,
which states:

 The imposition and enforcement of disciplinary punishment under this
 article for any act or omission is not a bar to trial by court-martial
 for a serious crime or offense growing out of the same act or omission
 . . . but the fact that a disciplinary punishment has been enforced
 may be shown by the accused upon trial, and when so shown shall be
 considered in determining the measure of punishment to be adjudged in
 the event of a finding of guilty. (emphasis added).

 While appellant’s written trial motion for Pierce credit is not
included in the record of trial, it appears from the short discussion of
the motion on the record that appellant believes he is entitled to Pierce
sentence credit for any offense charged at his court-martial that was known
but not included in the prior Article 15 proceedings. Specifically,
appellant averred his disobedience and several absence offenses, though not
charged or punished at his Article 15 proceedings, were nonetheless
encompassed in those proceedings for purposes of Pierce credit because they
occurred before the Article 15 was imposed. This is clearly contrary both
to the plain language of Article 15(f) and the law. Pierce credit is only
granted if the court-martial offense for which an accused is sentenced is
substantially identical to the prior Article 15 punishment offense. See
United States v. Bracey, 56 M.J. 387, 389 (C.A.A.F. 2002) (no entitlement
to Pierce credit for Article 15 punishment for disrespect to officer when
court-martial offense was for subsequent, albeit related, disobedience of
same officer).

 Trial counsel in the case nevertheless conceded appellant’s
entitlement to Pierce credit and joined in defense counsel’s request for
eighteen days of confinement credit based on the Article 15 punishment of
forty-five days extra duty and forty-five days restriction. The military
judge agreed that appellant was entitled to Pierce credit. On further
consideration, the trial judge awarded appellant thirty-nine days of
confinement credit, specifying twenty-three days were for forty-five days
of restriction and sixteen days were for forty-five days of extra duty
served.[1] The trial judge also stated the convening authority should
grant $1346 of credit against any forfeitures adjudged, based on
forfeitures of pay imposed by the Article 15 punishment.

 Appellate Issue of Improper Staff Judge Advocate Recommendation

 On appeal, appellant asserts error in the Staff Judge Advocate’s
recommendation (SJAR) because it failed to inform the convening authority
that the military judge granted Pierce credit of $1,346 of pay to be
applied toward adjudged forfeitures, in addition to the confinement credit.
 First, we note appellant failed to comment on this alleged SJAR error,
which constitutes waiver in the absence of plain error. Rules for Court
Martial 1106(f)(6); see also United States v. Alexander, 63 M.J. 269, 273
(C.A.A.F. 2006). Even if the issue was not waived, we find no error in
this case because appellant was not entitled to any confinement credit
under Pierce. We base this determination not only on the inapplicability
of Pierce, but also on the irrelevance to the appellant. The government
provided this Court, without objection or contradiction from appellant, a
declaration under penalty of perjury from Defense Finance and Accounting
personnel showing the forfeitures imposed by appellant’s Article 15 were
never collected. Additionally, the government provided a Department of the
Army Form 2627-2 (Record of Supplemental Action under Article 15) from
appellant’s successor commander setting aside all forfeitures imposed by
the Article 15 proceeding giving rise to the Pierce credit. Based on these
facts, we agree with the government that appellant suffered no prejudice
from the alleged SJAR error since he was never subject to forfeitures for
which he would otherwise be entitled to credit under Pierce. We therefore
decline to grant the relief of a new review and action appellant seeks.[2]

 Sufficiency of Providence on Distribution of Controlled Substance

 Though not raised by the parties, we do note an error. In
Specification 3 of Charge III, appellant was charged with and stipulated,
as part of his pretrial agreement, to distributing
methylenedioxymethamphetamine, a schedule 1 controlled substance. The
stipulation further notes the substance to be “ecstasy.” Given these
combined facts, it appears appellant was charged with distribution of 3,4-
methylenedioxymethamphetamine. However, the military judge erroneously
advised appellant that he was charged with and was required to admit to the
element of distributing the distinct controlled substance, methamphetamine,
which is a schedule II controlled substance.[3] Consequently, the military
judge failed to properly advise appellant of the actual substance allegedly
distributed, and appellant failed to acknowledge and admit in his
providency that he in fact distributed the charged controlled substance.
Based on the facts, we find appellant’s plea lacks the requisite basis in
both law and fact to support the plea. United States v. Prater, 32 M.J.
433, 436 (C.M.A. 1991).

 The finding of guilty to Specification 3 of Charge III is set aside.
The remaining findings are affirmed. In light of the modified findings, we
reassess the sentence on the basis of the entire record and in accordance
with the principles of United States v. Sales, 22 M.J. 305 (C.M.A. 1986),
and United States v. Moffeit, 63 M.J. 40 (C.A.A.F. 2006), to include the
factors Judge Baker identified in his concurring opinion. We are
satisfied that the sentencing landscape in this case has not changed
dramatically. United States v. Buber, 62 M.J. 476, 479 (C.A.A.F. 2006).
After reviewing the evidence presented on the merits and on sentencing, we
conclude the adjudged sentence for the affirmed offenses—distribution of
cocaine and marijuana on divers occasions, in addition to multiple absence
offenses and repeated disobedience of orders—would have been at least the
same as that adjudged by the trial judge and approved by the convening
authority. Id. at 478.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

 -----------------------
[1] We note that, had the military judge applied the requisite credit
pursuant to Pierce, appellant would in fact have been entitled to 53 days
of confinement credit—30 days of credit for 45 days of extra duty and 23
days of credit for 45 days of restriction. See Pierce, at 369 and Dep't of
Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 2-7-21,
Table 2-6 (1 April 2001, then in effect) (entitlement is one day of
confinement credit for each one and one-half days of extra duty and one day
of confinement credit for each two days of restriction served).
[2] However, we will not disturb the total confinement credit the military
judge granted to appellant under the circumstances of this case.
[3] See Schedule of Controlled Substances, 21 C.F.R. §§1308.11(d)(11) &
1308.12(d)(2) (2010); See also U.S. Drug Enforcement Administration
Homepage, Drug Information, at http://www.usdoj.gov/dea/concern/mdma.html
(last visited 12 Oct. 2010).