# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

### De A. SHARKI
### Storekeeper Second Class (E-5), U.S. Coast Guard

**CGCMS 24477**

**Docket No. 1360**

**24 October 2012**

Special Court-Martial convened by Commanding Officer, Coast Guard Base Seattle. Tried at
Seattle, Washington, on 15 June 2011.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter, USCG |
| Trial Counsel: | LT Tamara S. Wallen, USCGR |
| Assistant Trial Counsel: | LT Grace E. Oh, USCGR |
| Detailed Defense Counsel: | LT Jarrod R. Franks, JAGC, USN |
| Appellate Defense Counsel: | LT Cara J. Condit, USCG |
| Appellate Government Counsel: | LT Amanda M. Caprari Lee, USCG |

### BEFORE
### McCLELLAND, DUIGNAN & NORRIS
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to her pleas of
guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one
specification of attempting to sell military property, in violation of Article 80, Uniform Code of
Military Justice (UCMJ); one specification of unauthorized absence, in violation of Article 86,
UCMJ; one specification of disobeying an order, in violation of Article 92, UCMJ; two
specifications of selling or wrongfully disposing of military property, in violation of Article 108,
UCMJ ; one specification of drunken operation of a vehicle, in violation of Article 111, UCMJ; one
specification of wrongfully using cocaine and one specification of wrongfully possessing cocaine,
in violation of Article 112a, UCMJ; and one specification of wrongfully endeavoring to impede an
administrative proceeding and one specification of breaking restriction, both in violation of Article
134, UCMJ. The military judge sentenced Appellant to a bad-conduct discharge, confinement for

seven months, and reduction to E-1.  The Convening Authority approved the sentence as adjudged.  The pretrial agreement did not affect the sentence.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

## *Fosler* issue

We note that Appellant was convicted of two specifications under Article 134, UCMJ, that include no "terminal element" (i.e., prejudice to good order and discipline, service-discrediting conduct, or a "crime or offense not capital").  This raises an issue.  *See United States v. Fosler*, 70 M.J. 225, 233 (C.A.A.F. 2011) (in a specification under Article 134, "the terminal element must be set forth . . . .").[1]

A specification must allege every element of the charged offense expressly or by necessary implication.  Rule for Courts-Martial (R.C.M.) 307(c)(3), Manual for Courts-Martial, United States (2008 ed.); *Fosler*, 70 M.J. at 229.  A charge that is defective because it fails to allege an element of an offense, if not raised at trial, is tested for plain error.  *United States v. Ballan*, 71 M.J. 28, 34 (C.A.A.F. 2012).

We will assume, without deciding, that the specifications here do not allege a terminal element, even by necessary implication.  This is a guilty plea, and no objection was raised in this case to the sufficiency of the specifications.  After pleading guilty, Appellant was informed of the elements of both specifications, including the terminal elements of prejudice to good order and discipline and, in the alternative, being of a nature to bring discredit upon the Armed Forces.  (R. at 42, 49.)  She stated that she understood the elements.  (R. at 43, 49.)  She admitted that her conduct had been prejudicial to good order and discipline.  (R. at 47, 51.)  Consistent with Article 59(a) and *Ballan*, we hold that there was no prejudice to Appellant's substantial rights from the absence of any allegation of a terminal element in either of the specifications.  *See Ballan*, 71 M.J. at 35.  Accordingly, there is no plain error.

---

[1] In *Fosler*, a contested case, the defense had raised the issue at trial of whether the specification under Article 134, UCMJ, stated an offense, where it did not include a terminal element.

***Pierce* issue**

Before announcing sentencing in this case, the military judge noted that Appellant had been given nonjudicial punishment for a charge to which she had just pleaded guilty, amounting to reduction to E-5, forfeiture of $500.00 pay for one month, and restriction. She gave Appellant five days of credit for the five days of restriction Appellant had served, and she stated that in reaching a sentence, "I am giving credit to Petty Officer Sharki for that reduction and for that forfeiture of pay in addition to the time that she spent in restriction." (R. at 156-57.)

When an accused is court-martialed and found guilty of an offense for which that accused has already received nonjudicial punishment, the accused may not be twice punished for the offense; complete credit must be given for the nonjudicial punishment: "day-for-day, dollar-for-dollar, stripe-for-stripe." *United States v. Pierce*, 27 M.J. 367, 369 (C.M.A. 1989).

The phrase "stripe-for-stripe" is misleading as a guide for what must be done to give credit for a reduction in grade. Generally, the reduction in grade can be converted to a dollar amount to determine the credit to be given. *See United States v. Edwards*, 42 M.J. 381, 382 (C.A.A.F. 1995).

The Convening Authority should ensure that credit is given. *Pierce*, 27 M.J. at 369. However, the military judge may determine the credit. *Edwards*, 42 M.J. at 383. If so, "the military judge will state on the record the specific credit awarded for the prior punishment." *United States v. Gammons*, 51 M.J. 169, 184 (C.A.A.F. 1999). It is not sufficient for the military judge to merely state on the record that he would consider the results of the nonjudicial punishment in arriving at a sentence. *United States v. Gormley*, 64 M.J. 617, 620 (C.G.Ct.Crim.App. 2007). Where the military judge makes such a statement, it is appropriate for us to obtain an explanation from the judge. *Pierce*, 27 M.J. at 370.

In this case, we have a nonspecific statement on the record by the military judge that she gave credit to Appellant. As *Pierce* suggests, we issued an order seeking an explanation from the military judge. In the ensuing affidavit dated 18 September 2012, the military judge says, "I did not consider the offense to which she had previously been punished at nonjudicial punishment, i.e. Charge V, Specification 1, in determining my adjudged sentence." This means that Appellant was not twice punished for the offense. Instead of sentencing Appellant for all the offenses of which she

was convicted, and then giving credit against that sentence for the offense previously punished, the military judge sentenced her only for the offenses not already considered at nonjudicial punishment.[2] Thus, the mandate of *Pierce* to not punish twice for the same offense has been satisfied and there is no relief to be given.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judges DUIGNAN and NORRIS concur.



For the Court,


Andrew R. Alder
Clerk of the Court

---

[2] As a consequence, it would seem that the five-day credit given for the restriction was a windfall.