# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 CHRISTOPHER L. SPEROW**
**United States Army, Appellant**

ARMY 20110904

Headquarters, Fort Riley
Jeffery Nance, Military Judge
Lieutenant Colonel Daniel G. Brookhart, Staff Judge Advocate

For Appellant: Major Richard E. Gorini, JA; Captain James P. Curtin, JA (on brief).

For Appellee: Pursuant to A.C.C.A Rule 15.2, no response filed.

2 November 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of desertion terminated by apprehension, absence without leave (two specifications), drunken operation of a vehicle, and unlawful underage consumption of alcoholic liquor, in violation of Articles 85, 86, 111, and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 885, 886, 911, 934 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and to be confined for 120 days.[1] The convening authority (CA) approved the adjudged sentence and credited appellant, without explanation, with eighty-seven days of confinement credit against the sentence to confinement. The CA waived automatic

---

[1] The military judge credited appellant with forty-nine days of pretrial confinement credit and ten days of confinement credit pursuant to *United States v. Pierce*, 27 M.J. 367, 369 (C.M.A. 1989) in arriving at a total of fifty-nine days of confinement credit against the sentence to confinement. Further, the military judge recommended the convening authority waive automatic forfeitures to the maximum extent allowable and direct these forfeitures be paid to appellant's spouse.

forfeitures of two-thirds pay per month effective 26 October 2011 until 26 December 2011.  This case is before us for review pursuant to Article 66, UCMJ.

## DISCUSSION

The finding of guilty to the Specification of Charge III for drunken operation of a vehicle cannot stand.  Although not raised by appellant, we find the government improperly assimilated the Kansas statute for underage driving under the influence,[2] as an Article 111, UCMJ, violation. It is permissible under Article 111, UCMJ, to apply the limit on the alcohol concentration in a person's blood or breath using the law of the state where the conduct occurred.  Applying Kansas law, the law of the state where the incident happened, this limit would have been .08.[3]

The government, instead of merely adopting the .08 limit, applied a Kansas law that prohibits the operation of a vehicle by persons **under 21 years of age** when their blood or breath alcohol content is .02 or greater.  In so doing, the government not only added an additional element to an Article 111, UCMJ offense, that appellant must have been under 21 years of age, but also applied the much lower blood or breath alcohol content, .02, that, under Kansas law, only applies to persons under 21 years of age.  While § 8-1567 makes it clear the criminal standard for driving under the influence in Kansas is .08, it is unclear whether a violation of the .02 standard found in § 8-1567a results in anything more than an adverse impact on one's driving privileges.[4]

Because we find the charge deficient and will take appropriate action to set it aside in our decretal paragraph, we will not discuss additional errors that occurred during the providence inquiry concerning this charge.

Although, again, not raised by appellant, an issue concerning proper credit pursuant to *United States v. Pierce*, 27 M.J. 367 (C.M.A. 1989) must be addressed.  *Pierce* credit is granted to a servicemember when he is convicted of an offense for which he previously received nonjudicial punishment (NJP) under Article 15, UCMJ [hereinafter Article 15].  An accused who is convicted at court-martial of the same offense for which NJP previously was imposed may request credit "for any and all nonjudicial punishment suffered: day-for-day, dollar-for-dollar, stripe-for stripe." *United States v. Bracey*, 56 M.J. 387, 388 (C.A.A.F.  2002) (citing *Pierce*, 27 M.J. at 369).  Either the military judge or CA must state on the record the exact credit

---

[2]  Kansas Statutes Annotated (KAN. STAT. ANN.) § 8-1567a [hereinafter § 8-1567a].

[3]  KAN. STAT. ANN. § 8-1567 [hereinafter § 8-1567].

[4]  The maximum punishment found in this statute allows for driving privileges to be suspended for thirty days, followed by having driving privileges restricted for an additional 330 days (KAN. STAT. ANN. § 8-1567a(f)).

awarded for prior NJP. *United States v. Gormley*, 64 M.J. 617, 620-21 (C.G Ct. Crim. App 2007).

As agreed to by both parties and the military judge at trial, appellant is entitled to *Pierce* credit for the prior Article 15 he received for unlawful underage consumption of alcohol and for drunk driving. This is the same misconduct appellant pleaded guilty to and was found guilty of in the Specification of Charge III and the Specification of Charge IV. Because appellant went absent without leave while he was serving his Article 15 punishment and deserted his unit before completing his Article 15 punishment, he is only entitled to full day-for-day, dollar-for-dollar credit for the Article 15 punishment he served.[5]

First, it is unclear from the record whether the military judge credited appellant with the correct number of days, or at the correct rate, for the days appellant performed extra duty and was restricted. Second, waiver of automatic forfeitures is for the benefit of dependents and cannot be used as *Pierce* credit. Therefore, the CA's decision to waive automatic forfeitures of two-thirds pay per month for two months, will be considered an act of clemency and not be used as *Pierce* credit to offset pay appellant had forfeited as a result of Article 15 punishment.

Third, neither the Staff Judge Advocate (SJA) in his recommendation or addendum, nor the CA clearly stated what *Pierce* credit, if any, was given to appellant. Specifically, the manner in which the SJA and CA calculated the eighty-seven days of confinement credit, and whether a portion of this credit was intended as *Pierce* credit, is not clear from the record. Accordingly, we will order a new recommendation and action.

## CONCLUSION

The findings of guilty of the Specification of Charge III and Charge III are set aside and dismissed. The remaining findings of guilty are affirmed. The convening authority's action, dated 10 February 2012, is set aside. The record of trial is returned to The Judge Advocate General for submission to the same or a different convening authority for action based on a new staff judge advocate's recommendation and sentence reassessment in accordance with *United States v. Reed*, 33 M.J. 98, 99 (C.M.A. 1991) and *United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A. 1985). The new recommendation and action shall detail how the *Pierce* credit was calculated and applied.

---

[5] Appellant's punishment for the Article 15 was: Forfeiture of $673.00 pay per month for two months; extra duty for 45 days; restriction for 45 days.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court