# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 JOSHUA A. HAUSER**
**United States Army, Appellant**

ARMY 20130734

Headquarters, 1st Cavalry Division
Rebecca Connally, Military Judge
Colonel R. Tideman Penland Jr., Staff Judge Advocate

For Appellant: Lieutenant Colonel Peter Kageleiry Jr., JA; Major Robert N. Michaels, JA; Major Daniel E. Goldman, JA (on brief); Major Yolanda McCray Jones, JA; Major Daniel E. Goldman, JA (on reply brief).

For Appellee: Colonel John P. Carrell, JA; Major Steven J. Collins, JA; Captain Carling M. Dunham, JA (on brief).

18 December 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of absence without leave (AWOL), one specification of willful disobedience of a superior commissioned officer, two specifications of violating a lawful general regulation, one specification of violating a lawful general order, one specification of false official statement, and one specification of wrongful use of a controlled substance, in violation of Articles 86, 90, 92, 107, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 890, 892, 907, 912a (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for 120 days, and credited appellant with 84 days of confinement credit against the sentence to confinement. The convening authority approved the sentence as adjudged including the confinement credit.

This case is before our court for review under Article 66, UCMJ. Appellant raises two assignments of error, one of which merits discussion but no relief. Appellant alleges he did not receive appropriate sentencing credit, pursuant to *United States v. Pierce*, 27 M.J. 367 (C.M.A. 1989), for punishment he served as a result of non-judicial punishment (NJP) for the same offense for which he was later court-martialed and punished. Appellant requests the case be remanded for either a sentence rehearing or fact-finding hearing to allow for a recalculation of his punishment in light of his NJP. We disagree.[1]

## BACKGROUND

On 18 December 2012, appellant received NJP under Article 15, UCMJ, for possessing and using spice on or about 8 November 2012. The record of trial neither reflects any additional charges for which appellant may have been punished in that NJP nor the specific punishment appellant received as a result.

At trial on 16 August 2013, appellant, among other offenses, was charged with and convicted of wrongfully violating a lawful general regulation by possessing spice during the period between 16 October 2012 and 16 November 2012. The stipulation of fact in this case states in pertinent part:

> On 18 December 2012, [appellant] received Field Grade Article 15 punishment for "spice" possession and use incident on or about 8 November 2012. As part of his punishment, [appellant] was restricted to the confines of Fort Hood. On or about 25 December 2012, [appellant] did not report for duty and remained absent until on or about 28 December 2012 . . . .

> When [appellant] returned from AWOL on or about 28 December 2012, he was ordered to continue to serve his Article 15 punishment. However, on or about 14 January 2013, the accused again left without authorization and did not return until on or about 5 February 2013 . . . .

> Upon return from AWOL on or about 5 February 2013, [appellant's] Article 15 punishment resumed, and again, he was restricted in accordance with the punishment order. However, on 25 February 2013, the accused again left without authority . . . .

---

[1] Appellant's personal submission made pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), does not warrant relief.

Appellant's NJP and the ensuing punishment were discussed in similar fashion consistent with the stipulation of fact during the providence inquiry.[2]

Neither side objected to the military judge's pretrial confinement credit calculation of 84 days. The credit included 10 days of civilian confinement from 13 to 22 May 2013 followed by 74 days of additional pretrial confinement credit from 4 June to 16 August 2013. Appellant did not specifically mention the issue of *Pierce* credit for his NJP either during trial or in his clemency submissions. The record of trial contains no copy of appellant's NJP.

## LAW AND DISCUSSION

Where one is prosecuted for the same conduct for which non-judicial punishment has been previously imposed, "an accused must be given *complete* credit for any and all non-judicial punishment suffered: day-for-day, dollar-for-dollar, stripe for stripe." *United States v Pierce,* 27 M.J. 367, 369 (C.M.A. 1989); *see also United States v. Porter*, ARMY 20090974, 2010 CCA LEXIS 355, at *3 (Army Ct. Crim. App. 20 Oct. 2010) (summ. disp.) ("*Pierce* credit is only granted if the court-martial offense for which an accused is sentenced is substantially identical to the prior Article 15 punishment offense.") (citing *United States v. Bracey*, 56 M.J. 387, 389 (C.A.A.F. 2002)).

The accused is the gatekeeper regarding if, when, and how prior non-judicial punishment for the same offense will be presented, considered, and credited.

> The accused may: (1) introduce the record of the prior NJP for consideration by the court-martial during sentencing; (2) introduce the record of the prior NJP during an Article 39(a), UCMJ, . . . session for purposes of adjudicating credit to be applied against the adjudged sentence; (3) defer introduction of the record of the prior NJP during trial and present it to the convening authority prior to action on the sentence; or (4) choose not to bring the record of the prior NJP to the attention of any sentencing authority. In that regard, we note that an accused may have sound reasons for not presenting the record of the prior NJP to any sentencing authority. Absent a

---

[2] The only difference between the stipulation and the colloquy is that appellant indicated during the colloquy that between the period of 15 January 2013 and 25 February 2013, after a week or two of restriction to a conference room, he got his own barracks room. That said, he also indicated he had been performing extra duty the night he went AWOL, even though by that time, he was staying in a barracks room.

> collateral issue, such as ineffective assistance of counsel, failure to raise the issue of mitigation based upon the record of a previous NJP for the same offense prior to action by the convening authority *waives* an allegation that the court-martial or convening authority erred by failing to consider the record of the prior NJP."

*United States v. Gammons*, 51 M.J. 169, 183 (C.A.A.F. 1999) (emphasis added).

While it seems appellant received NJP for at least one offense for which he was later court-martialed, appellant chose "not to bring *the record* of the prior NJP to the attention of any sentencing authority". *Id.* (emphasis added).

Although offered the opportunity by the military judge to comment on pretrial confinement credit, appellant specifically declined to do so. Appellant also failed to raise the issue to the convening authority. This case is distinct from this court's decision in *United States v. Piompino*, ARMY 20010126, 2002 CCA LEXIS 349, at *4 n.2 (Army Ct. Crim. App. 29 Mar. 2002) (mem. op.), where Piompino's appellate defense counsel conditionally submitted an unauthenticated copy of the NJP proceedings. We have no copy of the NJP in the record before us. Accordingly, we have no way of determining the extent of appellant's NJP, and we have no record to determine how much or how little *Pierce* credit to award appellant. Appellant has failed to meet his burden on this issue.

## CONCLUSION

On consideration of the entire record and the submissions of the parties, we hold the findings of guilty and the sentence are AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court