UNITED STATES, Appellee

v.

Rollan D. MEAD, Private
U.S. Army, Appellant

No. 13-0459

Crim. App. No. 20110717

United States Court of Appeals for the Armed Forces

Argued October 9, 2013

Decided November 21, 2013

STUCKY, J., delivered the opinion of the Court, in which BAKER, C.J., ERDMANN and RYAN, JJ., and EFFRON, S.J., joined.

<u>Counsel</u>

For Appellant:  Captain Matthew M. Jones (argued); Colonel Kevin Boyle, Lieutenant Colonel Peter Kageleiry Jr., and Major Jacob D. Bashore (on brief); Lieutenant Colonel Imogene M. Jamison, Major Amy E. Nieman, and Captain Robert A. Feldmeier.

For Appellee:  Captain Samuel Gabremariam (argued); Colonel John P. Carrell, Major Catherine L. Brantley, and Major Robert A. Rodrigues (on brief); Captain Edward J. Whitford.

Military Judge:  James Varley

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge STUCKY delivered the opinion of the Court.

Appellant pled guilty to, and was convicted of, an offense for which he had previously accepted nonjudicial punishment (NJP) pursuant to Article 15, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 815 (2012). After announcing the sentence, the military judge explained how, in reaching the adjudged sentence, he had compensated Appellant for the previous NJP. We granted review to determine whether Appellant was entitled to have credit for the NJP applied to the sentence approved by the convening authority pursuant to the pretrial agreement, as opposed to the sentence adjudged at trial, and whether he was entitled to restoration of the pay he had lost as a result of the reduction in rank he suffered due to the NJP. We hold that Appellant was not entitled to have credit for the NJP applied against the approved sentence or to be compensated for the pay he lost due to the reduction in grade imposed at the NJP.

## I. Posture of the Case

In exchange for the convening authority's agreement to cap his sentence to confinement to twenty-four months, Appellant pled guilty to, and was convicted of, drunken operation of a vehicle, wrongful use of amphetamine, and involuntary manslaughter by operating a motor vehicle in a culpably negligent manner. Articles 111, 112a, and 119, UCMJ, 10 U.S.C. §§ 911, 912a, 919 (2012). The military judge sentenced

2

Appellant to a bad-conduct discharge, confinement for thirty-eight months, and forfeiture of all pay and allowances. Pursuant to the pretrial agreement, the convening authority reduced the period of confinement to twenty-four months, but otherwise approved the adjudged sentence. The United States Army Court of Criminal Appeals affirmed. United States v. Mead, 72 M.J. 515 (A. Ct. Crim. App. 2013).

## II. Background

On February 3, 2010, the brigade commander imposed NJP on Appellant for the wrongful use of amphetamine between November 22 and 25, 2009, which was discovered during a unit urinalysis inspection. Punishment consisted of reduction from E-4 to E-1; forfeiture of pay, suspended until August 2010; forty-five days of extra duty; and an oral reprimand.

On May 7, 2010, while driving drunk and fifteen miles per hour over the speed limit of fifty miles per hour, Appellant lost control of the vehicle he was driving, causing it to flip over. Appellant's passenger, although wearing a seat belt, suffered severe head trauma, causing his death. The commander did not vacate the suspension of Appellant's NJP forfeiture, which was later automatically remitted. Instead, on February 10, 2011, when charges were preferred for voluntary manslaughter and drunk driving, Appellant was also charged with the same use

of amphetamine for which he had been nonjudicially punished on February 3, 2010.

The military judge and counsel discussed, in a Rule for Courts-Martial (R.C.M.) 802 conference before arraignment, that Appellant had previously been punished under Article 15, for the use of amphetamine charged in the Specification of Charge II. The military judge summarized on the record that part of the conference, as follows:

> We, also, went over issues of whether there'd been any pretrial confinement or pretrial punishment of the accused, as well as discussed the fact that the accused has, apparently, been punished for what has been charged as a specification of Charge II, that is the wrongful use of Amphetamines at a prior non-judicial punishment proceeding, which would appear to require that the accused receive [United States v.] Pierce[, 27 M.J. 367, 369 (C.M.A. 1989)] Credit toward any sentence adjudged by this court.

Although offered the opportunity to contradict or add anything, the defense specifically declined to do so.

As part of his pretrial agreement, Appellant agreed to enter into a stipulation of fact to be used during the plea inquiry and by sentencing and reviewing authorities. That stipulation provided, in part, as follows:

> 2.k. Between 22 November 2009 and 25 November 2009, Private Mead used amphetamine. The unit conducted a 100 percent urinalysis in which Private Mead submitted a urine sample. Private Mead knew that the substance that he had willingly consumed was amphetamine when he used it, and Private Mead had no legal justification for using amphetamine. As a result, Private Mead was punished under Article 15, Uniform Code of Military

4

Justice, for drug use.  The accused was reduced to the rank of private (E-1) and served 45 days of extra duty.  The forfeiture of $723.00 was suspended and subsequently remitted on 2 August 2010.

The Government moved to admit Appellant's NJP in sentencing.  After a brief discussion of the punishment imposed, the defense declined to object to it.  After announcing the sentence, the military judge explained his reasoning:

> When arriving at the adjudged sentence in this case, I took into account the non-judicial punishment, or NJP, the accused has already received under Article 15 of the Uniform Code of Military Justice. . . .  If the accused had not received prior NJP for the offense listed in the Specification of Charge II, I would have adjudged an additional 2 months of confinement, in addition to what I just announced.

> In compliance with United States versus Pierce, 27 M.J. 367, Court of Military Appeals, 1989, . . .  I am going to state, on the record, the specific credit I gave the accused for his prior punishment in arriving at my adjudged sentence.  In arriving at the adjudged sentence, I gave the accused credit for one 30-day month of confinement credit for the 45 days of extra duty he served, as a result of the NJP.  In addition, I gave the accused one 30-day month of confinement credit for the reduction to E1 he served, as a result of the reduction at the NJP proceeding, from February 2010 to present.  As the accused was already an E1 at the time of this court-martial, I did not adjudge a reduction.  However, if the accused had been an E4 today, I would have adjudged a reduction to E1.

> While case law would indicate that I have no duty to apply specific confinement credit against the adjudged sentence as a result of a prior reduction to E1 at an NJP proceeding, I believe it is within my discretion to do so, and I have chosen to do so in this case.  Under the circumstances of this case, I have determined that it is appropriate to credit the accused with an additional 30[ ]days of confinement

5

against the confinement I ultimately adjudged, to account for the period he served as an E1, between February 2010 and present.

Appellant did not object.

The military judge then discussed with Appellant how his pretrial agreement would affect the adjudged sentence: "My understanding of the effect of the pretrial agreement on the sentence is that the convening authority may approve the adjudged forfeiture, as well the adjudged bad-conduct discharge, but must disapprove any confinement in excess of 24 months." Both counsel agreed with the military judge's understanding.

As part of his post-trial clemency petition, Appellant asked the convening authority to either disapprove the finding of guilty for the offense of which he had previously accepted NJP or to grant him twenty-two days of credit against the pretrial agreement cap of twenty-four months. In the conclusion to the clemency petition, Appellant asked the convening authority to disapprove the remaining period of confinement or to grant him forty-five days of credit for the NJP punishment. The convening authority did neither. He reduced the period of confinement to two years, pursuant to the pretrial agreement, but otherwise approved the adjudged sentence.

III. The Court of Criminal Appeals' Decision

On appeal, Appellant argued that the credit he was awarded for the NJP was "both illusory and improperly calculated."

Mead, 72 M.J. at 516.  The CCA noted that, in the first instance, Appellant had asked the military judge rather than the convening authority to apply Pierce credit.  After a discussion of the difficulties of applying such credit, the CCA held: "Accordingly, we find no error.  The military judge, in his discretion, awarded thirty days of confinement for the prior reduction.  There was no objection, and we do not find any requirement to convert the reduction into lost pay and then into confinement in order to satisfy Pierce."  Id. at 520.  The CCA also determined that Appellant was not entitled to compensation for the monetary loss he suffered as a result of the NJP reducing him in grade from E-4 to E-1.  Id. at 518–20.

## IV. Discussion

Article 15(f) provides:

> The imposition and enforcement of disciplinary punishment under this article for any act or omission is not a bar to trial by court-martial for a serious crime or offense growing out of the same act or omission, and not properly punishable under this article; but the fact that a disciplinary punishment has been enforced may be shown by the accused upon trial, and when so shown shall be considered in determining the measure of punishment to be adjudged in the event of a finding of guilty.

"Article 15(f) leaves it to the discretion of the accused whether the prior punishment will be revealed to the court-martial for consideration on sentencing."  Pierce, 27 M.J. at 369; accord United States v. Gammons, 51 M.J. 169, 179 (C.A.A.F.

7

1999) (stating accused is the "gatekeeper with respect to consideration of an NJP record during a court-martial involving the same act or omission").

In this case, it was clear to the parties and the military judge that Appellant raised the issue of the NJP for the military judge's consideration:  (1) He stipulated to the NJP as part of his pretrial agreement; (2) He declined to object to the military judge's statement that it appeared it would be necessary to provide credit against the adjudged sentence because of the NJP; (3) The defense declined to oppose the admission of the NJP during the sentencing hearing; (4) Appellant declined to question the military judge's calculation of the NJP credit or the adjudged sentence; and (5) Appellant agreed with the military judge that the convening authority could approve a sentence that included confinement for two years.  The military judge considered the NJP and specifically awarded Pierce credit for it.  Neither Article 15(f) nor this Court's case law grants him more.

Appellant also argues that he is entitled to compensation for the pay he forfeited as a result of his reduction in grade from E-4 to E-1 imposed by the NJP.  We disagree.  The money Appellant forfeited as a result of the reduction in grade was not punishment imposed by the NJP.  It was merely a consequence of the reduction in grade -- a recognition that as he no longer

held the grade of E-4, he was no longer expected to perform the duties of an E-4 and, therefore, was not entitled to be paid as such.[1]

V.  Judgment

The judgment of the United States Army Court of Criminal Appeals is affirmed.

---

[1] Nor has this Court required compensation for forfeited pay in sentence reassessment cases.  See United States v. Josey, 58 M.J. 105, 108 (C.A.A.F. 2003) ("Because the factors applicable to imposing a reduction in rank reflect highly individualized judgments about military status, it is not appropriate to impose a generally applicable monetary formula for crediting periods of confinement or other punishments against a sentence to reduction.").